JAMES  W.  SMITH  v.  ELIZABETH  SMITH  AND  OTHERS.

See this case for circumstances of delay, fraud and trust, which entitled the plaintiff, who was an heir, to file a petition in the District Court to establish the property of the estate, and to obtain partition and distribution.

Appeal from Travis.

*I. A. & G. W. Paschal*, for appellant.

*J. A. & R. Green*, for appellees.   There are no circum-

stances of peculiarly equitable nature, to authorize Jas. Smith, the heir, to bring this suit. His demurrer admits the pending administration ; and his bill admits that the administrator is bringing suits for the recovery of the property, in order that it may be distributed. To sustain this bill would be to cause a conflict in the jurisdictions of the County Court and District Court, and confusion in the final settlement of the estate ; for it most clearly appears from the record, that the County Court had proper jurisdiction of the cause ; and for the District Court to take jurisdiction also, would produce the evils of which we speak. It is for this reason that the heir will not be permitted to sue for property in possession of the administrator, or for the recovery of the assets of the estate in the hands of others, unless for some extraordinary reason, which reason must be alleged and proved to exist. Here there is no reason, for the administrator is not charged with any combination against the interest of the estate, but is shown to be taking a proper interest therein, by bringing all necessary suits.

But in this case there can be no pretence, it seems to us, that the proper forum for partitioning and distributing the estate, is the District Court; and the mere allegation of devastavit by a previous administrator, even if the suit for said devastavit be allowable by the heir, will not, of its own force, bring the partition into the District Court. This is a subject distinct and separate from the partition of the estate in the hands of the administrator, and might be partitioned by itself.

LIPSCOMB, J. The appellant filed his bill or petition in the District Court of Travis county, praying a distribution of the estate of his father, James Smith. He alleges that his father died in 1845 ; that, on the 25th of March, A. D., 1845, the administration was committed to Elizabeth Smith, widow of his father, and Alfred Smith, two of the defendants ; alleges various acts of maladministration, (some of them will be noticed ;) that one of the defendants, Sidney P. Brown, claims now to be the administrator *de bonis non* on the said estate, and

refuses to make distribution, upon the pretended ground, that the administration is not closed, and that he has commenced suits to recover the property of the estate. The petition alleges that the estate was but very little indebted ; that Elizabeth Smith, whilst administratrix, together with Alfred Smith, had sold property, and received a large amount of money, all of which is still in her hands, excepting about one thousand dollars ; that the debts had all long since been paid off ; charges that the administratrix pretends that a division had been made by order of that Court ; charges that if any such partition and division were made, that the order was fraudulently obtained by the said Elizabeth, and that she had fraudulently induced the Court to believe that the property of the estate was community property of which she was entitled to the one half, when in truth and fact, the most of the property, to wit : the slaves, were the separate property of his deceased father, acquired and owned by him before his intermarriage with the said Elizabeth ; that the lands belonging to the estate, were purchased by his father, with his own separate funds ; that the said Elizabeth is in the possession and enjoyment of the property of the estate ; that, with the proceeds of sales of some of it, she has purchased property and taken the title in her own name, or in the names of some other of the defendants, who are her children ; that the amount and description of such property, he cannot state. He charges that a tract of land amounting to some —— acres at Montopolis, to which his father was justly entitled at his death and had in his possession—that to the said land, the said Elizabeth and Alfred had since procured title in their own names ; alleges that the property purchased with the funds of the estate and the land in the name of the said Elizabeth and Alfred justly belong to the estate ; alleges that he is an heir and distributee of the intestate and entitled to a share of the estate ; that he has never received any part of said estate, excepting the use of one hundred acres of land, at the will of the said Elizabeth ; alleges that he has recently attained his

majority. These are the principal facts, believed to be material, in the petition. It is, however, more specific in the description of the property, and its value, belonging to the estate.

The defendants pleaded to the jurisdiction of the Court, on the ground that the District Court could not take original jurisdiction, and that the estate was still in progress of settlement and open in the Probate Court, as appears by the petition. The District Court sustained the plea, and dismissed the case, on the plaintiff declining to amend his petition. And the plaintiff appealed. The decision of the Court, in sustaining the plea to the jurisdiction of the Court, is assigned for error. The plea to the jurisdiction admits the facts charged in the petition, to be true, but maintains that those facts do not present a case that will give jurisdiction to the Court, in an original action. It is not contended but the District Court would have appellate jurisdiction.

The grounds upon which this Court will sustain the exercise of original jurisdiction by the District Court, have been discussed in several cases, heretofore decided. In Dobbin, adm'r, v. Bryan, 4 Tex. R. 276, it was decided by the Court, that the District Courts have jurisdiction to investigate and arrest a fraudulent combination between an administrator and others, confederating to injure those interested in the faithful administration of the estate; that fraudulent combination had always been a fruitfull source for the exercise of equity jurisdiction. And there can be no doubt but both fraud and trusts would authorise the exercise of original jurisdiction by the District Court. We said in the case above cited, that, from its organization, the Probate Court, being so limited in its jurisdiction, cannot well investigate the facts constituting the fraud. The same difficulty would arise in the investigation of, and executing trusts. In Long *et al.* v. Wortham, 4 Tex. R. 331, we sustained the original jurisdiction of the District Court, in suspending an executor and appointing a receiver. In Merle v. Andrews, 4 Tex. R. 200, it was ruled that a moneyed de-

13

mand could be sued for with other demands for going into a District Court, without having first presented the moneyed demand to the administrator; and it was so held upon the principles of equity jurisprudence, that, as the petitioner had other grounds upon which he had a right to seek equitable relief, contained in his petition, he might well connect therewith the moneyed demand. In the case of Newson, Guardian v. Chrisman, 9 Tex. R. 113, our previous decisions were reviewed, and sustained upon the grounds of the general equity jurisdiction of the ·District Court, independently of the 15th Section of the judicial department of the Constitution. We say that we have reviewed the cases, " to show that the Dis- " trict Court will exercise jurisdiction, acting directly and " originally upon the administrator, without resting the exer- " cise upon the clause of the Constitution cited, (15th Section, " Judicial Department,) where it is to prevent frauds and " fraudulent combinations, that might result in the destruction " of the rights of those interested in the estate; and in so doing " we believe we are fully sustained by the 10th Section of the " 4th Article of the State Constitution. By this Section, all " the Common Law and Chancery jurisdiction known to the " Courts of Common Law and Chancery of England, is con- " ferred on the District Courts, not incompatible with the " Constitution of the United States nor the Constitution of the " State and laws made under it. We believe, that where a " person and not the Court is to be acted upon, this jurisdiction " may be exercised by proceedings in the usual form to pre- " vent an injury or to enforce a remedy. But where it is to " control an inferior jurisdiction, by acting upon such tribunal, " to restrain its action, or to review, revise or correct its pro- " ceedings, it must be by the use of some process issued from " the District Court or one of its Judges." The enquiry then is, Does the petition in this case, show any facts that, under the rules above discussed, would authorise and sustain the exercise of original jurisdiction by the District Court? We believe that it does, and will proceed to show those grounds.

To begin, then, with that portion of the petition, alleging the fact, that the funds due and belonging to the estate had been used by the defendant Elizabeth Smith, in the purchase and investment of property in her own name, or in the name of some of the other defendants, her children; now, if this be true, it would be a clear case of an implied, resulting trust, for the benefit of the heirs. Again, the taking of the title, in the names of Elizabeth Smith and Alfred Smith, for the Montopolis land, is another clear case of a trust for the benefit of the heirs. That trusts constitute an important branch of the English equity jurisprudence, none will deny; and the proposition is too clear to require a reference to the different authors of works upon equity jurisprudence. Again, she is charged with fraudulently procuring a partition of the estate, and fraudulently representing that the property of the estate was community property, by which she would have, and does claim, the one-half as her share, when it was the separate property of her intestate. This would afford another distinct and clear ground for the exercise of original equity jurisdiction, to reach the fraud and provide the appropriate relief against it, according to Dobbin v. Bryan, before cited; and it may be added, that, if the facts as to the trusts be true, that would be an additional fraud. If it be true, that the partition has taken place, and separate property has been awarded to the administratrix, as the widow of the deceased, fraudulently claiming it as community property, there is no adequate means to defeat such fraud, but by a resort to the equity jurisdiction of the District Court.

The petition presents other facts, that, if not sufficient of themselves to establish fraud, tend strongly to impeach the fidelity of the defendant Elizabeth, to the trust reposed in her. No inventory had been returned, a large estate had been received into her custody for administration; it was not in debt, and large sums of money had been received, and about eight years had elapsed, from the grant of administration, to the commencement of this suit, and no distribution made, nothing

received by the petitioner, one of the heirs and distributees, and the property of the estate in the possession of Elizabeth, all the time.   These are suspicious circumstances, and require explanation.   On the whole, we believe that the petition discloses facts, that, under any system of equity jurisprudence, however modified, entitle the petitioner to relief; and we have no doubt that relief was properly sought by a resort to the original jurisdiction of the District Court.   The judgment of the Court below, in sustaining the plea to the jurisdiction of the Court, is reversed and the cause remanded.

Reversed and remanded.