KEY et al. v. KEY. (No. 7139.)

(Court of Civil Appeals of Texas. Dallas. May 2, 1914. Rehearing Denied May 23, 1914.)

1. PLEADING (§ 214*)—DEMURRER OR PLEA TO JURISDICTION—ADMISSIONS.

Defendant, demurring or pleading to the jurisdiction of the court, admits the facts charged in plaintiff's petition to be true, and only denies that they present a case within the jurisdiction of the court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

2. COURTS (§ 198*)—JURISDICTION—PROBATE JURISDICTION.

Under Const. art. 5, § 8, conferring on the district court original jurisdiction of suits for trial of title to land, and appellate jurisdiction and general control in probate matters over the county court, the district court has original jurisdiction of a suit by heirs against an administratrix guilty of mismanagement of the estate, and fraudulently converting a part thereof, and neglecting for many years to settle the same, and praying for a determination of title as to the community property of the estate of decedent and for an accounting and partition.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 469, 471–475, 478; Dec. Dig. § 198.*]

3. COURTS (§ 155*)—JURISDICTION—PROBATE JURISDICTION.

The district court has jurisdiction of a suit by heirs against the administrator of decedent in actual possession, and denying the right of the heirs and asserting an adverse and hostile claim to the property, because title to land is involved within Const. art. 5, § 8.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 378, 402½; Dec. Dig. § 155.*]

4. COURTS (§ 155*)—JURISDICTION—PROBATE JURISDICTION.

Where title to personal property, or the construction of a will, is involved, it is proper to invoke the jurisdiction of the district court to adjudicate the questions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 378, 402½; Dec. Dig. § 155.*]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by W. A. Key and others against R. L. Key individually and as administrator of R. C. Key, deceased. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

W. J. Weaver and Simkins & Simkins, all of Corsicana, for appellants. McClellan & Prince and Neblet & Rice, all of Corsicana, for appellee.

TALBOT, J. This suit was instituted by the appellants against the appellee, R. L. Key individually and as administrator of the estate of R. C. Key, deceased. It is alleged, in substance, that the appellants and appellee are the surviving heirs of the said R. C. Key, and as such are the joint owners in fee simple of two tracts of land, which are described, situated in Navarro county, Tex., aggregating 214 acres; that the appellee, R. L. Key, was appointed administrator of the estate of the said R. C. Key, deceased, in 1877; that said administration was still pending, but that there was no necessity therefor, as there were now no debts against said estate; that appellee had made to the county or probate court but two reports, showing the condition of said estate, since his appointment in 1877, and that he had been guilty of gross negligence and mismanagement of the property of said estate; that during his administration he had not kept any account of the fruits, revenues, and rents arising from the property in his possession, and that he had appropriated and fraudulently converted the same, amounting to about $8,000; to his own use; that there was due the estate at the time of appellee's appointment collectible accounts amounting

to the sum of $2,000, but that through his negligence to collect the same, or because of fraudulently leaving out said accounts from his report filed and the conversion and embezzlement of the same by him, the estate has been deprived of that amount. Appellants further charge that on or about the 10th of December, 1869, R. C. Key, the deceased, bought, for a cash consideration paid by him 10 acres of land, a part of the Robert Finney headright survey, in Navarro county, Tex., which was inventoried by appellee as a part of the estate of the said R. C. Key, and that appellee, as administrator of said estate, applied to the county court of Navarro county for authority to sell said land to satisfy a fraudulent and fictitious debt, which appellee claimed said estate owed him, amounting to $661.16, with interest; that in February, 1888, the court heard said application, and ordered the property to be sold; that no report of the sale of said property was ever reported to the court, and that appellee has suppressed all evidence as to its disposition, and is now attempting to cheat, defraud, and deprive the estate of said property as an asset. Appellants further allege that since the death of Mrs. Mariah Key, the wife of R. C. Key, and who died April 30, 1912, the defendant, who was in possession, has been asserting title in himself to at least one-half, if not all, of said property belonging to the community estate of R. C. Key and his wife, Mariah Key; that said assertion of title in himself is antagonistic to the rights of these plaintiffs in and to said property; that they had, since the death of Mrs. Mariah Key, demanded of the defendant a partition, and an accounting for the use of said property, but that he has failed and refused to comply with said demand, and is now asserting a claim to said property which is hostile to the claim of these plaintiffs. The prayer of the petition is that the court adjudicate only the issue of title as to the community property of the estate of R. C. Key, but that if the court should think it advisable to settle and adjudicate all issues raised, then they pray for an accounting and partition, etc. Appellee, R. L. Key, interposed a general demurrer to the petition, and excepted thereto, because it appeared therefrom that the district court was without jurisdiction to try the cause for the reason that appellants had alleged that the defendant was the administrator of the estate of R. C. Key and wife, Mariah Key, and that the property sued for was still undergoing administration in the probate court. He then interposed a general denial, and pleaded that he was not guilty of the wrongs and trespasses and injury complained of, and put himself upon the country. Defendant further averred that:

"He now has and has had peaceable and adverse possession by an actual inclosure of the lands and tenements mentioned in plaintiffs'

petition, cultivating, using, and enjoying the same for a period of 10 years, after plaintiffs' cause of action accrued and before the commencement of this suit; that all causes of action set out in plaintiffs' petition for the recovery of personal property or for a personal judgment against this defendant accrued more than 2 years and more than 4 years before the commencement of this suit."

Defendant also alleged that "he has made valuable and permanent improvements on the lands and tenements sued for during the time he has had possession thereof, and has regularly paid taxes thereon for 35 years,, improvements and taxes aggregating the sum of $1,679.71," and prayed judgment for same, and that said sum be fixed as a lien on the land in his favor in the event plaintiff recover the land or any part thereof. On October 21, 1913, the defendant's general demurrer to plaintiffs' petition, under which the defendant excepted to the jurisdiction of the court to hear and consider the matters alleged in plaintiffs' said petition, was sustained and the cause dismissed. From this judgment the plaintiffs appealed.

[1] Appellants' first assignment of error complains of the action of the trial court in sustaining the defendant's demurrer, and presents the controlling question arising on the appeal. It is too well settled to require the citation of authorities that defendant's demurrer or plea to the jurisdiction of the district court admitted the facts charged in plaintiffs' petition to be true, but denied that they presented a case that would give jurisdiction to that court in an original action. The question, then, is, Do the facts alleged by plaintiffs show a cause of action of which the district court had original jurisdiction to hear and determine? That this question should receive an affirmative answer is, we think, clearly established by the laws and decisions of our state.

[2] While the district courts of this state, since the adoption of the Constitution and probate laws of 1876, which left out the words, "original jurisdiction," have only an appellate jurisdiction and general control over probate courts, as shown by article 5, § 8, of that instrument, yet by this same article and section, original jurisdiction and general control over executors, administrators, guardians, and minors, under such regulations as may be prescribed by law, is conferred upon district courts. And in Chevallier v. Wilson, 1 Tex. 160, where the Constitution invested the district courts with original jurisdiction and control over executors and administrators in the same language as does our present Constitution, it is said that this grant of jurisdiction is complete, subject to legislative regulations, and is not impaired because these regulations have not been made. In Long v. Wortham, 4 Tex. 382, and reaffirmed in Giddings v. Steele, 28 Tex. 733, 91 Am. Dec. 336, it was held, under the clause of the Constitution giving original jurisdiction over executors, administra-

tors, etc., that the district court might suspend any executor and appoint a receiver, with power to sue and collect a note given to an executor in his representative capacity. In Dobbin v. Bryan, 5 Tex. 276, it was decided that the district courts have jurisdiction to investigate and arrest a fraudulent combination which might result in destroying the estate or to the injury of those interested in the faithful administration of the estate; that from its organization the probate court, being so limited in its jurisdiction, cannot well investigate the facts constituting the fraud, and that the same difficulty would arise in the investigation of and executing trusts. In Smith v. Smith, 11 Tex. 102, the jurisdiction of the district court to hear and determine a suit by an heir, pending administration in the probate court, to establish the property of the estate, and to obtain a partition and distribution, was upheld, and the court, after stating that it was held in Dobbin v. Bryan, supra, that fraudulent combination had always been a fruitful source for the exercise of equity jurisdiction, said:

"There can be no doubt but both fraud and trusts would authorize the exercise of original jurisdiction by the district court."

In this case it is further said that in Newson, Guardian, v. Chrisman, 9 Tex. 113, the previous decisions of the Supreme Court were reviewed and sustained upon the grounds of the general equity jurisdiction of the district court, independent of the fifteenth section of the judicial department of the Constitution. In Rogers v. Kennard, 54 Tex. 30, referring to the case of Smith v. Smith, supra, it is said:

"In that case the chancery jurisdiction of the district court was clearly maintainable on the grounds of breach of trust and fraud, and because the probate court was inadequate to grant the appropriate relief."

The facts and circumstances of delay, fraud, and trust, appealing for the exercise of the general equity jurisdiction in the case of Smith v. Smith, were but little, if any, stronger than those alleged in the case at bar; and, upon the authority of that and other cases referred to, we think appellee's demurrer to appellants' petition should have been overruled.

[3, 4] But again, the jurisdiction of the district court, in our opinion, is clearly maintainable on the ground that the title to the lands described in appellants' petition was involved. As shown in our statement of the case appellants alleged, in substance, that they and appellee, as the heirs of R. C. Key, deceased, were the joint owners in fee simple of the lands mentioned in their petition, and that appellee, who was in actual possession thereof, was denying their right and asserting an adverse and hostile claim to all of said property. In his answer to appellants' suit the appellee contested their title and set up title in himself by adverse possession and limitation of ten years. In such a case the district court is unquestionably the proper court to adjudicate the question. And, even where the title to personal property or the construction of a will is involved, it is proper to invoke the jurisdiction of the district court, as the more appropriate tribunal for the adjudication of the question. Little v. Birdwell, 21 Tex. 597, 73 Am. Dec. 242.

This view of the case makes it unnecessary to consider the other assignments.

The judgment is reversed, and the cause remanded.