ROWE v. DYESS et al.   (No. 80–2859.)

(Commission of Appeals of Texas, Section B. June 11, 1919.)

1. EXECUTORS AND ADMINISTRATORS ⚖➟7 — RIGHT OF VENDEES OF HEIR TO WITHDRAW ESTATE FROM ADMINISTRATION.

In view of Rev. St. 1911, arts. 3236, 3263, giving "those interested in an estate" certain rights as to its administration, article 3384, giving only to "any one entitled to a portion" of an estate "as heir, devisee or legatee" the right, by giving bond as provided in article 3385, to withdraw an estate from administration, does not give such right to the vendee of an heir, devisee, or legatee.

2. CONSTITUTIONAL LAW ⚖➟70(3)—JUDICIAL FUNCTIONS — CONSTRUCTION OF STATUTES — HARDSHIP.

Where the language of a statute is plain, the courts are not authorized to place on it a forced construction to mitigate a seeming hardship or to supply an apparent omission, thus assuming legislative functions.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Application by A. D. Dyess and another to withdraw administration of estate of John T. and Josephine Rowe from the court, opposed by S. P. Rowe. Order granting the application was affirmed by Court of Civil Appeals (177 S. W. 521) and S. P. Rowe brings error. Reversed and remanded, with instructions.

D. F. Rowe, Leonard Dougherty, G. C. Kelly, and W. L. Hall, all of Houston, for plaintiff in error.

Durrett & Dyess, of Temple, and H. A. Cline and Jno. A. Barclay, both of Wharton, for defendants in error.

MONTGOMERY, P. J. S. P. Rowe was by proper proceedings appointed and qualified as administrator of the estate of John T. and Josephine B. Rowe, deceased. S. P. Hill was one of the heirs of John T. and Josephine B. Rowe, and as such inherited one-half of the estate, subject to the payment of debts. He sold and conveyed his entire interest in the estate to A. P. Dyess and H. A. Cline. Dyess and Cline, under the provisions of chapter 14, title 52 of Revised Statutes of 1911 attempted to withdraw the estate from administration. They, as provided by article 3384, filed a complaint in writing and caused S. P. Rowe as administrator to appear at the regular term of the court and render a full exhibit under oath showing the condition of said estate. Upon the filing of said exhibit Dyess and Cline tendered a bond such as is provided for in article 3385 of the Revised Statutes, and the bond having been approved by the county judge they demanded that one-half of the estate be delivered to them. The county court after a hearing refused the application, and Dyess and Cline appealed to the district court. That court after a hearing made an order setting aside the order of the county court and granting the application to withdraw the estate from administration, and directed the administrator to forthwith deliver to Dyess and Cline one-half of the estate, together with six per cent. interest thereon from the date of said judgment, and further directed that the administrator be discharged when the administration closed.

The Court of Civil Appeals affirmed the judgment of the district court, and the case is before us on the application of S. P. Rowe.

[1] The important question is: Has the vendee of an heir, devisee, or legatee the right by giving bond as provided in article 3385 to withdraw an estate from administration?

In the absence of a statute it is clear that an estate could not be withdrawn from administration until fully administered, and that the administration must be kept open as long as any debts remain unpaid. The right to withdraw the estate from administration, therefore, must depend upon the terms of the statute.

Article 3384 of the Revised Statutes of 1911 reads as follows:

"At any time after the return of inventory, appraisement and list of claims of a deceased person, any one entitled to a portion of said estate, as heir, devisee or legatee, or his guard-

ian, if he be a minor, may, by a complaint in writing, filed in the court where such inventory, appraisement and list of claims have been returned, cause the executor or administrator of the estate to be cited to appear at some regular term of the court and render an exhibit under oath of the condition of such estate."

Article 3385 provides that:

"Upon the return of such citation served, the persons so entitled to such estate, or any of them, or any persons for them, may execute and deliver to the county judge an obligation payable to him, with two or more good and sufficient sureties, to be approved by such county judge, for an amount equal to at least double the appraised value of the estate as ascertained by the appraisement and list of claims returned, conditioned that the persons who execute such obligation shall pay all the debts against the estate not paid that have been allowed by the executor or administrator and approved by the county judge, or that have been established by suit, or that may be established by suit against said estate, and will pay to the executor or administrator any balance that may be found to be due him by the judgment of the court on his exhibit."

Article 3386 provides for the approval, filing, and recording of the bond, and that the court shall thereupon "enter an order upon the minutes directing and requiring the executor or administrator to deliver forthwith to such person or persons the portion or portions of such estate to which he or they are entitled."

Article 3387 provides that:

"Any of the persons so entitled to any portion of the estate may, on application in writing to the court, cause a partition and distribution of such estate to be made among the persons entitled thereto, in accordance with the provisions of this title respecting the partition and distribution of estates."

The remainder of this chapter we do not think necessary to set out, as it relates to the remedies of creditors and suits upon the bond.

There can be no contention that vendees of heirs, devisees, or legatees are within the words of the statute, and if the right is extended to them it must be upon the ground that under a proper construction of the statute it was the intention of the Legislature that they should have this right.

Upon this particular point we are without authority in this state, or elsewhere, so far as we have been able to discover. We do not think that the case of Wadsworth v. Chick, 55 Tex. 241, throws any light upon the question here involved.

[2] With reference to the construction of statutes we think what is said by Judge Stayton in Turner v. Cross, 83 Tex. 223, 18 S. W. 578, 15 L. R. A. 262, is peculiarly applicable to this case:

"It is the duty of a court to give to language used in a statute the meaning with which it was used by the Legislature, if this can be ascertained; and to do this, if the words used be not such as have a peculiar meaning when applied to a given art or trade with reference to which they are used in the statute, the only safe rule is to apply to them their ordinary meaning, for the Legislature must be presumed to have used them in that sense in which they are ordinarily understood; and if so applying them the legislation in which they are found seems to be harsh or not to embrace and give remedies for acts for which remedies ought to be given, the courts for such reason are not authorized to place on them a forced construction for the purpose of mitigating a seeming hardship imposed by a statute, or conferring a right which the Legislature has not thought proper to give. It is the duty of a court to administer the law as it is written, and not to make the law, and however harsh a statute may seem to be, or whatever may seem to be its omissions, courts cannot on such considerations by construction restrain its operation or make it apply to cases to which it does not apply, without assuming functions that pertain solely to the legislative department of the government."

In the case quoted from the court had under consideration a statute allowing damages for injuries resulting in death.

The statute made railroad companies liable for such injuries, but failed to provide that a receiver of a railway company operating a railway should be liable therefor. In considering this matter Judge Stayton further said:

"It may be difficult to perceive a good reason why an action should not exist for an injury, resulting in death caused by the negligence of a receiver or his servants while operating a railway under order of court as for an injury to a passenger not resulting in death, and subject to the same restrictions as to the manner and fund from which a judgment named should be satisfied; but this furnishes no reason why the right of action should exist in the one case and not in the other, when in the one the right does not exist unless given by statute, while in the other the right of action exists without a statute conferring it."

In the case under consideration the statute confines the right conferred to three classes of persons: heirs, devisees, and legatees, and to extend this right to other persons would, in our opinion, be adding to the statute and not construing it. Whether or not any good reason existed for granting this right to heirs, devisees, and legatees and withholding it from others is not a question to be determined by the courts. It is sufficient that the Legislature has not seen proper to grant this right to persons other than those named.

That the Legislature did not intend to grant the rights to withdraw an estate from administration to vendees or transferees is strengthened, we think, to some extent by reference to other portions of the statute relating to the estate of decedents.

Article 3236 provides that—

"Any person interested in an estate may, at any time before any application, petition, exhibit, account, claim or other proceeding is decided upon by the court, file opposition thereto in writing," etc.

Article 3263 provides that—

"When application is made for letters of administration upon an estate by a creditor, and those interested in the estate do not desire an administration thereupon," they may defeat such application as pointed out in that article.

In both these articles certain rights are given to any person interested in the estate, and it seems to us that, if it had been intended that any persons other than heirs, devisees, or legatees should exercise the rights granted by chapter 14 of title 52, the Legislature would have used, as in the other articles quoted, some general term sufficient to include all persons interested in the estate.

Without arguing this matter further, we are of opinion that the vendees of the heir had no right to withdraw the estate from the administration, and we therefore advise that the judgment of the Court of Civil Appeals and the district court be reversed, and that this case be remanded to the district court, with instructions to refuse the petition of Dyess and Cline, and to certify its action to the county court.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.