## MILLER v. MILLER. (No. 1176.)

(Court of Civil Appeals of Texas. El Paso. Feb. 3, 1921.)

1. Husband and wife �köm276(3)—Husband's share of community passing to children on his death not divested by wife's qualifying as survivor.

Under Rev. St. art. 2469, husband's share of the community estate passed to his children or their descendants on his death, subject to the administrative right of the surviving wife to control, manage, and dispose of the community property under article 3600, and the action of the wife in qualifying as survivor did not divest the children of the title so acquired.

2. Husband and wife �köm274(1)—Son acquiring title to portion of father's share of community estate on father's death could convey such title.

Son who inherited from father, on father's death, a portion of the father's share of the community estate with title subject to the administrative right of surviving wife to control, manage, and dispose of the community property, could convey such title.

3. Husband and wife �köm276(9)—Grantee of title inherited from father in community estate could bring action to confirm title against survivor.

Where son who inherited title to a portion of father's share of community estate, on fa-

ther's death, conveyed such title, the grantee could bring an action to establish and confirm his title, where the wife qualified as survivor and repudiated the grantee's title and claimed and held adversely thereto.

**4. Husband and wife ⬦⇒276(9)—Judgment against survivor of community before partition and distribution held improper.**

In suit by son's grantee in trespass to try title and to quiet title to portion of the community estate inherited from father, against the mother who had qualified as survivor, where there was no action to compel partition and distribution under Rev. St. art. 3612, it was improper for court to confirm plaintiff's title against the mother, both individually and as survivor, and to order a writ of possession.

**5. Partition ⬦⇒25(2)—May be had of community estate more than 12 months after wife's qualification as survivor.**

Where more than 12 months had elapsed since wife had qualified as survivor, grantee of son's title acquired in the community estate from father could bring action for partition and distribution under Rev. St. art. 3612.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by L. W. Miller against Mrs. Katie Miller and others. Judgment for plaintiff against named defendant, and named defendant appeals. Reversed and rendered in part, and affirmed in part.

Frank Judkins and Grisham Bros., all of Eastland, for appellant.

Scott, Brelsford & Smith, of Eastland, for appellee.

HIGGINS, J. The appellee brought this suit in trespass to try title against R. N. Grisham, T. F. Grisham, J. S. Grisham, Frank A. Judkins, Katie Miller, individually, and as the qualified survivor of the community estate of herself and her deceased husband, J. T. Miller, and the various heirs at law of the said J. T. Miller, deceased, consisting of certain children and grandchildren.

Briefly stated, the material allegations of the petition are as follows: That J. T. Miller died intestate on May 31, 1911, leaving a surviving widow and various children and grandchildren, naming them; that on April 16, 1912, Katie Miller, the surviving wife, was appointed as the survivor in community of herself and deceased husband by the county court of Eastland county and duly qualified by filing the inventory, appraisement, and list of claims and giving bond as required by law; that Miller and wife, at the date of his death, owned a certain 160-acre tract of land in Eastland county, describing same, which land was community property; that upon the death of J. T. Miller an undivided one-half interest in said land vested in the children of Miller and

wife, one of whom was J. M. Miller, and on July 13, 1918, said J. M. Miller conveyed to the plaintiff the undivided interest owned by him in said land, the same being an undivided one-eighteenth interest; that by virtue of said deed the title to said undivided one-eighteenth interest became vested in the plaintiff, who has succeeded to all the rights of said J. M. Miller in the land, and that the plaintiff became seized and possessed of said interest in fee simple, and that afterwards, on May 29, 1919, the defendants dispossessed the plaintiff thereof; that on August 30, 1919, Katie Miller, purporting to act for herself and as survivor in community, executed a deed to Frank A. Judkins for an undivided one-eighteenth interest in said tract of land, and that Katie Miller and Judkins are attempting to assert that the interest so conveyed to Judkins was the one-eighteenth interest owned by plaintiff and that Judkins is now claiming said interest; that the other defendants are claiming some interest in the title, the exact nature of which was unknown to plaintiff; that the attempted conveyance to Judkins was in fraud of the rights of plaintiff and made for the purpose of defrauding plaintiff; and that Judkins had actual and constructive notice that said interest had been theretofore conveyed to plaintiff by J. M. Miller and that the conveyance to Judkins and its record clouded the plaintiff's title. Plaintiff prayed judgment quieting his title to said undivided one-eighteenth interest against the defendants, that all cloud be removed from his title, and for general relief.

All of the defendants filed disclaimers except Judkins and Mrs. Katie Miller. These last two named defendants filed general and special exceptions to the petition, and by special answer set up the order of the county court of Eastland county, appointing Mrs. Miller as survivor in community, and that such order gave to her the exclusive right to handle, control, and dispose of the properties belonging to the community estate, which order and judgment of the county court was pleaded in bar of the plaintiff's suit; and further set up in bar of the action that Mrs. Miller was the qualified and acting survivor "and that estate among heirs has ever been made" (Note.—Evidently typographical error) and that Mrs. Miller has never married again, and also pleaded not guilty.

The case was tried before the court without a jury upon agreed facts. Judgment was rendered in favor of the plaintiff upon the disclaimers filed. As to Judkins, the suit was dismissed without prejudice. Judgment was also rendered against Katie Miller, individually, and as survivor in community, that the plaintiff recover the title and possession of the undivided one-eighteenth interest in the land as sued for; that plain-

---

tiff's said title be quieted and confirmed against Mrs. Miller, individually, and as such community survivor, and that plaintiff have his writ of possession; the interest so adjudged to the plaintiff being the same conveyed to him by the said J. M. Miller by the deed described in the petition. From this judgment Mrs. Miller appeals.

The material facts as disclosed by the agreement are as follows:

Prior to April 16, 1912, the deceased, Miller, and his wife, Katie Miller, the appellant herein, owned the 160 acres of land in fee simple; the same being community property. On May 31, 1911, J. T. Miller died intestate leaving his surviving wife and certain children and grandchildren, who are named. On April 16, 1912, the appellant qualified as the survivor in community of the estate of herself and deceased husband in the manner prescribed by law, and the appraisement, inventory, and list of claims filed and the bond given by her were approved by the county court of Eastland county on the last-mentioned date, and on said date the probate court of that county entered its order approving the inventory, appraisement, and list of claims, and Mrs. Miller, as the survivor of the community, was authorized to control, manage, and dispose of the community estate in accordance with the provisions of the revised statutes of this state. The land was inventoried as community property; no debts were listed against the estate, and there were no community debts against the estate on the date of the execution of the deed hereinafter mentioned executed by J. M. Miller to the appellee. No other character of administration was had on the estate. On July 13, 1918, J. M. Miller, one of the nine children of the decedent and Katie Miller, being then 21 years old, for a valuable consideration and by warranty deed, conveyed to the appellee an undivided one-eighteenth interest in said 160 acres of land, which was inherited by him from his deceased father, which deed was filed for record on July 15, 1918, and was duly recorded. On April 13, 1919, the appellant, for herself and as survivor in community, conveyed to the children of Pearl Deaton, for a nominal consideration, an undivided one-eighteenth interest in said tract of land, the same being the share in the land inherited by Pearl Deaton, who was one of the children and heirs of the said decedent, which deed was duly recorded. On May 29, 1919, the appellant, for herself and as survivor in community, executed a deed for a valuable consideration purporting to convey to Frank A. Judkins an undivided one-eighteenth interest in said tract of land. On the date J. M. Miller executed his deed to the appellee, the appellant did not occupy or claim the 160-acre tract as a homestead, nor has she occupied or so claimed the same since that date as a homestead, and does not now claim the same as such. No partition has ever been made between the heirs of the decedent and the appellant, excepting the deeds to the children of Mrs. Deaton and the deed to Judkins aforesaid.

Mrs. Miller's control of the estate, as survivor in community, had in no way terminated up to the date this suit was filed; she has not remarried and is now the duly qualified and acting survivor in community. None of the defendants in the suit claim or assert any interest in the land adverse to the plaintiff except the appellant, Mrs. Miller, individually, and as survivor in community of the estate of herself and her deceased husband.

This suit was filed more than one year after the qualification of Mrs. Miller as community survivor. The original petition is not contained in the transcript, but from a recitation contained in the first amended petition it appears that the original petition was filed June 30, 1919.

### Opinion.

Under the fourth assignment appellant complains of the overruling of an exception to the petition advancing in support of the assignment this proposition, viz.:

"The order of the court approving the inventory, appraisement, list of claims, and bond provided in article 3599 is, in fact, a judgment of a court of competent jurisdiction and is not void or open to attack under a collateral proceeding, and until set aside in a direct proceeding it is binding both in rem and per sonam."

The correctness of the proposition in the abstract may be conceded, but its relevancy is not apparent, for the petition in no wise attempts to question the validity of any order of the county court in the survivorship proceedings.

The first assignment complains of the overruling of a general demurrer to the petition for the reason that—

"Where a pleading shows that the title to the lands in controversy is legally vested in an administrator, executor, or trustee, and that the plaintiff deraigns title from an heir while the said estate is being administered, the conveyance is, as against the executor, administrator, trustee, or survivor, null and void."

The third assignment complains of the overruling of a special exception reading as follows:

"These defendants by way of special exception say that the plaintiff's petition is insufficient in this, that same shows upon its face that plaintiff has attempted to acquire an interest in the estate of the deceased person, to wit, J. T. Miller, by purchase from an heir, or alleged heir, of decedent before said estate had been withdrawn from administration and before final partition had been made thereof and at a

time when the law vested the entire control, disposition, and management of said estate in the duly qualified survivor, Katie Miller, and that said deed from said heir to plaintiff is as to her assigns void and contrary to public policy and destructive to her rights as survivor, and of this they pray judgment of the court."

The proposition supporting this assignment is as follows:

"When the survivor of the marital relation in a case where community administration is authorized has qualified under the statutes, they have for all practical purposes the absolute ownership of the property as fully and completely as the community partner had during his lifetime. This power over the property continues until the heirs proceed to have partition of the estate, or until the survivor, if the wife be the survivor, marries again, or until the heirs proceed by giving the bond provided in the statute to remove the estate from the administration."

The remaining assignment is to the effect that the judgment rendered is erroneous under the agreed facts, this proposition being advanced:

"By qualifying as survivor in community administration the surviving wife secures all the rights and powers over the community estate that the husband had during his lifetime."

[1] Upon the death of J. T. Miller one-half of the 160-acre tract passed to the children or their descendants. Article 2469, R. S. J. M. Miller thus inherited an undivided one-eighteenth interest. The action of Mrs. Miller in qualifying as survivor under the statute did not divest the title of the children. But their title was subject to the administrative right of the surviving wife to control, manage, and dispose of the community property as provided by article 3600, R. S. After the lapse of 12 months from the filing of the bond by the survivor, the persons entitled to the deceased's share of the community estate, or any portion thereof, were entitled to demand and have a partition and distribution thereof in the same manner as in other administrations. Article 3612, R. S. These statutory provisions refute the contention that the heirs were divested of their title and that the same became vested in Mrs. Miller. It has been so held. Faris v. Simpson, 30 Tex. Civ. App. 103, 69 S. W. 1029; Hales v. Peters, 162 S. W. 386.

It thus appears that when J. M. Miller conveyed to appellee the former was vested with title to an undivided one-eighteenth interest, subject to the administrative right of the appellant as the duly qualified survivor of the community.

[2] While the title of J. M. Miller was thus qualified, his conveyance to appellee was not void on that account. On the contrary, his conveyance would vest in appellee his title, subject to the administrative right of

the appellee. Rutherford v. Stamper, 60 Tex. 447; Branch v. Hanrick, 70 Tex. 731, 8 S. W. 539; Gallagher v. Redmond, 64 Tex. 623; O'Connor v. Vineyard, 91 Tex. 488, 44 S. W. 485.

We therefore think it clear that the broad assumption by the appellant that the conveyance by J. M. Miller to appellee was void and vested in the latter no right or title which she must respect is untenable.

[3] Being thus vested with title, and appellant repudiating the same, claiming and holding adversely thereto, the appellee had the right to bring this action to establish and confirm his title. Key v. Key, 167 S. W. 173; Smith v. Smith, 11 Tex. 102.

[4] But the judgment rendered was not proper and must be modified. There has been no action taken to partition and distribute the estate under article 3612, R. S. The present suit is not of that nature. It is simply in trespass to try title to establish the appellee's title and to remove cloud therefrom. Until action is taken to compel partition and distribution under said article, or the administration of the survivor in some manner closed, the administrative right of Mrs. Miller continues. Drought v. Story, 143 S. W. 361.

The judgment rendered ignores this right, and without qualification quiets and confirms the appellee's title against Mrs. Miller, both individually and as survivor of the community and orders a writ of possession. The judgment, if permitted to stand, would destroy the appellant's administrative right, and it will be reformed so as to protect the same.

[5] In this connection it should be stated that in our opinion appellee may avail himself of the right of partition and distribution conferred by article 3612. This article reads:

"After the lapse of 12 months from the filing of the bond by the survivor, the persons entitled to the deceased's share of such community estate, or any portion thereof, shall be entitled to demand and have a partition and distribution thereof in the same manner as in other administrations."

More than 12 months have elapsed since the survivor's bond was given, and appellee by virtue of his deed from J. M. Miller is entitled to a partition of the deceased's share of the community estate. He is entitled to the same remedy as his grantor had previous to the conveyance. Branch v. Hanrick, supra.

The case of Rowe v. Dyess (Com. App.) 213 S. W. 232, by the Commission of Appeals, is not in conflict with the view that appellee is entitled to a partition and distribution. In that case S. P. Rowe was the administrator of the estate of John T. and Josephine B. Rowe, which was being administered in the probate court in the ordinary manner. One of the heirs of the decedents conveyed his

interest in the estate to Dyess and Cline. The vendees attempted to withdraw the estate from administration by giving bond under the provisions of chapter 14, title 52, R. S. It was held that articles 3384–3386 and 3387 did not confer upon a vendee the right to so withdraw the estate from administration as the statutes in terms only conferred such right upon an heir, devisee, or legatee, or his guardian. The right which Dyess and Cline sought to assert was entirely different from the right conferred by article 3612. In our opinion, appellee, being entitled to a portion of the deceased's share of the community estate as the vendee of J. M. Miller, is within the provisions of the article in question. This view is supported by the reasoning of the court in the latter part of the opinion in Rowe v. Dyess.

The judgment against Katie Miller in her capacity as survivor of the community estate of herself and her deceased husband, J. T. Miller, is reversed, and judgment is here now rendered in favor of plaintiff against her in said capacity, establishing, quieting, and confirming the title of plaintiff to an undivided one-eighteenth interest in the tract of land described in plaintiff's petition, being the interest conveyed to plaintiff by J. M. Miller by deed dated July 13, 1918, and recorded in the deed records of Eastland county, Tex., on July 29, 1918, in volume 114, at page 439; but plaintiff's said title is so established, quieted, and confirmed subject to the right of Katie Miller to control, manage, and dispose of the same under the authority vested in her as the qualified survivor of the community estate of herself and deceased husband, J. T. Miller, and writ of possession shall not issue against Katie Miller. In all other respects the judgment of the court below is undisturbed and affirmed. The judgment herein rendered is without prejudice to the right of appellee to proceed under article 3612, R. S., or to proceed otherwise for foreclosure of the community administration.

Reversed and rendered in part; affirmed in part.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes