.COX et al. v. GEORGE et al. (No. 1568.)*

(Court of Civil Appeals of Texas. Texarkana. Feb. 25, 1916. Rehearing Denied March 9, 1916.)

1. WILLS ☞452—CONSTRUCTION—DISINHERITANCE.

Where a testator, who was survived by children by each of his two deceased wives, by holographic will gave one-half of the home place, which had been the community property of himself and his first wife so that her children were the owners of an undivided one-half interest therein, to the children of the first wife, naming them, and one-half thereof to the children of the second wife, naming them, and the rest of his property to be divided equally between certain named heirs omitting three of the children of the first wife, the clause will be construed as giving each of the groups of children an undivided one-fourth interest in the home place, or one-half of their father's interest therein, since the will manifests an intention that the children shall all receive something, and, if it be construed as giving to the children of the first wife only the interest they already had, three of them will be disinherited.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 968–970; Dec. Dig. ☞452.]

2. WILLS ☞558(1)—CONSTRUCTION—DESCRIPTION OF PROPERTY.

The courts favor a construction of a general disposition of property, of which the testator owns only a share, which disposes of only that share.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1205, 1206, 1211–1214; Dec. Dig. ☞558(1).]

3. WILLS ☞707(1)—ACTIONS TO CONSTRUE—COSTS.

The costs of a suit, which was necessary to determine the interest of the devisees in certain property and was for the benefit of all parties alike, will be adjudged against all parties in the proportion of their interests in that property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1684; Dec. Dig. ☞707(1).]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Suit by Mary A. Cox and others against Lula George and others for the construction of a will. Decree construing the will in favor of the defendants, and plaintiffs appeal. Reversed, and will construed in favor of plaintiffs.

C. Z. Bridge married four times during his lifetime. There were five children of the first marriage, to wit, S. A., C. B., W. E., Alice L., who married one Scott, and Mary A., who married Jesse Cox; and five children of the second marriage, to wit, H. L., Roy, Luly, who married T. E. George, Jessie, who married one McCoy, and Edna M., who married one Blair. Subsequent to the time when their mother died, S. A. Bridge and Alice L. Scott died, leaving children surviving them. Prior to the time when her father died, Edna M. Blair died, leaving children surviving her. There were no children of the third and fourth marriages. At the date of the death of the first wife, she, with her husband and children, resided upon a tract of 115 acres of land, which belonged to the community estate between her and her husband. C. Z. Bridge died on December 1, 1913, leaving a holographic will, which was duly probated, as follows:

"The State of Texas, Fannin County.

"To all whom it may concern:

"Know you that I this day have willed and bequeathed the following property to the following named heirs: One half of what is known as the 'home place' heirs of S. A. Bridge, dec., heirs of Alice L. Scott, dec., C. B., W. E. Bridge and Mary A. Cox, the same to be equally divided, the other half of same place to H. L. and Roy Bridge, Lula George and Jessie McCoy. These last-named heirs to pay to the heirs of Edna M. Blair, dec., the sum of three hundred dollars when said property is sold or divided.

"The remainder of my property which may consist of real estate, notes, accounts, money in the bank, etc., after paying debts, funeral expenses, etc. shall be equally divided with the following named heirs to wit: C. B., W. E., H. L., and Roy Bridge, Lula George and Jessie McCoy. It is my desire that this be settled peacefully and without any trouble. W. E. Bridge and T. E. George are named to settle up this estate. Done this November 17, 1910. Witness my hand, C. Z. Bridge."

The property mentioned in the first clause in the will as that "known as the 'home place' " was the 115 acres of land above referred to. Besides the interest he owned in that tract, the testator at the date of his death owned another tract of land, containing 144 acres.

This suit was by Mary A. Cox, joined by her husband, against other children and grandchildren of C. Z. Bridge and the executors of his will. Its purpose was to have the court construe and determine the meaning of the first clause in the will. The plaintiff, who is the appellant here, and certain of the parties named by her as defendants, who adopted her pleadings, and so, in effect, became plaintiffs, contended that the will should be construed as operating to pass to the children of the first marriage a one-fourth undivided interest, and to children of the second marriage a one-fourth undivided interest, in the "home place." The trial court, sustaining the contention of other parties to the suit, held that the will operated to pass to the children of the first marriage a one-half undivided interest in that property, and to children of the second marriage a one-half undivided interest therein. The appeal is by Mary A. Cox, joined by her husband.

J. M. Baldwin, of Honey Grove, and C. A. Wheeler and J. W. Gross, both of Bonham, for appellants. Cunningham & McMahon and L. C. Fuller, all of Bonham, and G. W. Wells, of Honey Grove, for appellees.

WILLSON, C. J. (after stating the facts as above.) [1] It conclusively appeared, and the court so found, that the children of the first marriage as the heirs of their mother owned a one-half undivided interest in the "home place," and that their father at the time he made the will knew they so owned an interest in the land.

It is apparent, if the language of the first

clause in the will should be construed literally and without reference to that in the other clause, that the testator undertook to dispose of the "home place" as an entirety, and not the undivided interest he owned in it. If, however, the clause in the will is construed with reference to the language in the other clause, and the fact that the testator knew that he owned only an undivided half of the home place, such an intent on his part would not be at all clear; for the language, "the remainder of my property," used in the other clause in the will, would then indicate that his intention was to dispose of his own property only.

[2] If therefore the face of the will furnished no other evidence showing the intention of the testator, the presumption the law would indulge, that he intended to dispose of his own property alone, probably would require us to hold that his intention was to dispose of only his half interest in the "home place," for, as said by Mr. Underhill:

"The courts, in construing a general disposition of property in which the testator owns only a partial interest, will favor a construction which will dispose only of the actual interest of the testator." 2 Underhill on Wills, § 730.

But the language of the will as a whole, construed with reference to the circumstances surrounding the testator, furnishes other evidence, to which the law gives weight, showing his intention to have been to dispose only of his part of the "home place." It appears therefrom that he did not intend to disinherit any of his children, but, on the contrary, intended to make provision for each of them. It further appears, if the will should be construed as determined by the trial court, that it would operate to disinherit three (S. A. Bridge, Alice L. Scott, and Mary A. Cox) of the children of that marriage; for, if the will is so construed, nothing was devised to them that they did not already own.

"Where any ambiguity exists in a will," said the author of the article on "Wills" in 40 Cyc. 1412, "unless there is a manifest intention to the contrary, a presumption that the testator intended that his property should go in accordance with the laws of descent and distribution will be applied as an aid in construing the will. Hence such a construction should be given the will as favors heirs at law or next of kin, in preference to disinheritance."

And see, also, McIlvaine v. Robson (Ky.) 171 S. W. 413; Morrison v. Tyler, 266 Ill. 308, 107 N. E. 602; Crosson v. Dwyer, 9 Tex. Civ. App. 482, 30 S. W. 932.

When the presumptions which, as we have seen, the law in a proper case indulges, are kept in mind, we think it is reasonably clear from the language of the will considered as a whole, and with reference to the circumstances surrounding the testator, that he did not intend to dispose of the "home place" as an entirety, but only of his half thereof. It is more reasonable and more in harmony with rules of law, we think, to say that he did not intend to do what he had no right to do, to wit, to dispose of property he did not own, than to say that he intended to do what he plainly declared he did not intend to do, to wit, disinherit some of his children.

It follows we are of opinion the trial court erred when he construed the will as he did. Therefore the judgment will be reversed, and judgment will be here rendered construing the will as operating to pass to the children and heirs of children of the first marriage a one-fourth undivided interest in the "home place," and to children named of the second marriage a one-fourth undivided interest therein, charged with the payment by them to the heirs of Edna M. Blair, deceased, of the sum of $300 when said "home place," is sold or divided.

[3] The suit, we think, was necessary to determine the interest in the "home place" which passed to the devisees named in the first clause in the will, and was for the benefit of all the parties alike. The costs therefore will be adjudged against all of them, each to pay a part thereof proportioned to the interest he or she takes in that property. 40 Cyc. p. 1864; 1 Underhill on Wills, § 462.

