In the Matter of the Estate of Ellwood Morris Burdsall, Deceased.

Surrogate's Court, Westchester County, June 30, 1939.

*Arthur R. Wilcox,* for the proponents.

*George A. Ferris,* special guardian.

Millard, S.   In the decree of May 29, 1939, admitting the will of this decedent to probate, the questions of construction raised by the special guardian for three infant children of decedent, were reserved for future consideration.   A new proceeding seeking a construction of the will has since been brought and all necessary parties duly cited.

In article second of his will, testator directs his executors to hold his entire residuary estate in trust and to pay over to his widow the net income therefrom during her lifetime.   The executors are also empowered and directed to invade the principal of the trust upon the written request of decedent's wife.   He then goes on to provide for the disposition of the remainder of the residuary estate as follows:

" Upon the death of my wife, and/or in the event that the provisions herein made for her are revoked as aforesaid, I then direct my Executors to divide said rest, residue and remainder into as many equal parts as is necessary to create one part for each

child who may survive me, and one part to represent any child who may have predeceased me and be survived by living descendants.

" I then give, devise and bequeath one of said parts to each of my children then living and one of said parts to the descendants of each child of mine who may have died and had left descendants to be shared by the latter *per stirpes* and not *per capita*."

Testator then provides for the manner in which the various shares of the remainder estate is to be paid to the persons entitled to receive the same, to wit, accumulated surplus income and $5,000 at the age of twenty-one years and similar installments of $5,000 each upon their arrival at the ages of twenty-three, twenty-five, twenty-seven, thirty, and the balance, if any, at thirty-five.

The special guardian urges that article second of the will contravenes section 11 of the Personal Property Law and section 42 of the Real Property Law, in that the absolute power of alienation is illegally suspended and, therefore, requests the court to declare an intestacy as to the entire residuary estate. In arriving at this conclusion he apparently proceeds upon the premise that the trust is to continue beyond the life of the widow and until the children reach, respectively, the age of thirty-five years. This, I think, is an erroneous theory. The language employed by testator is free from ambiguity. The key to his intention is contained in the words: " Upon the death of my wife * * * I then direct my Executors to divide said rest, residue and remainder into as many equal parts as is necessary to create one part for each child *who may survive me*, and one part to represent any child who may have predeceased me and be survived by living descendants." (Italics mine.) In other words, the gift is vested in the children who are living at the death of testator, subject only to the life use of their mother.

It is contended that testator's use of the words " I then direct my Executors to divide said rest, residue " denotes an intention on his part to postpone the vesting of the remainder until the termination of the life estate. I gather no such meaning from the will and certainly none will be imputed.

In *Connelly* v. *O'Brien* (166 N. Y. 406, 408) the court said: " A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, since the law favors the vesting of estates. The adverbs of time, therefore, such as *when, then, after, from* and *after*, etc., in a devise of a remainder limited upon a life estate, are construed to relate merely to the time of the enjoyment of the estate and not to the time of its vesting in interest. The law favors such a construction of a will as will

avoid the disinheritance of remaindermen who may happen to die before the determination of the precedent estate." (*Hersee* v. *Simpson*, 154 N. Y. 496.)

If a gift is absolute and time for payment only is postponed, there is no suspension but title vests at once. (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 582.)

The date upon which the interest of the widow is terminated is important only in so far as it determines the commencement of the beneficial enjoyment in the remainder. The fact that payment to the remaindermen is postponed until their arrival at various designated ages would not render the gift to them an illegal suspension of the power of alienation. In any event, the special guardian's contention is not tenable, as the trust created for decedent's widow may be severed. (*Matter of Trevor*, 239 N. Y. 6.) It is the duty of the court to give effect to the expressed wishes of a testator wherever possible. (*Matter of Trevor, supra.*)

*Hoyt* v. *Hoyt* (125 Misc. 95), cited by the special guardian in support of his contention, is not applicable here. In that case the testator expressly directed that the trust continue during the life of his wife and upon her death during the lives of his children and grandchildren until they should attain the age of thirty-five years, respectively. No such direction is contained in the will of this decedent nor can one be implied.

To answer the remaining question raised by the special guardian, the will is construed as giving to the widow the absolute right to direct the invasion of principal of the trust fund for the purposes set forth in the will, as well as to direct such gifts to the children as she may see fit to make out of the principal of the trust fund, the various amounts of said gifts to offset against their eventual shares, respectively.

The testamentary provisions contained in article second of the will are, therefore, construed as valid and the executors will be directed to proceed with the administration of the estate in accordance with the terms thereof.

Settle decree.