**BYARS et al. v. BYARS.**

**No. 2571.**

Court of Civil Appeals of Texas. Waco.

Feb. 18, 1944.

Rehearing Denied March 16, 1944.

Naman, Howell & Boswell, of Waco, for appellants.

Bryan & Maxwell, of Waco, for appellee.

TIREY, Justice.

This is a suit (nonjury) to construe the will of Geo. E. Byars, deceased. The suit was brought by his widow, Lucille E. Byars, individually and as one of the executors, against E. C. Byars, individually and as joint executor, and H. F. Byars and T. B. Byars, all brothers of the deceased and claimants under the will. The court found substantially (1) "* * * that the testator intended to bequeath under his will only his own interest in insurance covering his life at the time of his death, to-wit, one-half of $5,000.00, * * * and that he intended * * * to bequeath such portion * * * to his wife"; and (2) that the clause in the fourth paragraph of the will, wherein the testator "expressed a request that in the event his insurance at the time of his death exceeded $7,500.00, his wife · * * * would divide such excess between herself and his living brothers, share and share alike, was precatory only and not mandatory and that the testator did not by such provision * * * intend to create a compulsory requirement of his legal representatives but only intended to and did in such provision express to his surviving wife a desire." The decree followed such construction, and the defendants have appealed.

Point 1 is: "The court erred in holding that the provisions of the will with reference to insurance were not mandatory, and that under its terms, the defendants were not bequeathed each one-fourth of the excess of the insurance above $7,500.00."

The pertinent provisions of the will are:

"I. It is my will and desire that all my just debts be paid by my executors hereinafter named.

"II. It is my wish and desire that upon my death, my body be buried in a decent and Christianlike manner, suitable to my circumstances and conditions in life, and a suitable marker be placed on my grave by my executors hereinafter named.

"III. I do hereby give and bequeath to my nephew, George P. Byars, my technical library and all books and data, circulars and pamphlets pertaining to technical matters.

"It is my wish that upon my death, my said executors deliver to the said George P. Byars such library within a reasonable time after my death.

"IV. I have certain life insurance policies, a part of which are payable to my wife, Lucille E. Byars, and the balance payable to my estate.

"I do hereby give and bequeath all of my insurance of every kind and nature that I may have at the time of my death, to my beloved wife, Lucille E. Byars, and I do hereby direct her and my brother, E. C. Byars, executors hereinafter named, to take the necessary steps after my death to collect all of such insurance on the several policies that I may hold at the time of my death.

"After said insurance has been collected, I request my beloved wife, Lucille E. Byars, in the event the total collections from my several insurance policies should exceed the sum of Seventy-Five Hundred and No/100 ($7500.00) Dollars, then and in that event I request that the remaining balance, after the payment to her of the $7500.00, to be divided among herself and any of my brothers who may be living at said time, share and share alike.

"In the event, however, the total amount of the insurance collected does not amount to the sum of $7500.00 net, then and in that event, no such distribution as herein provided is requested.

"V. All properties, both real and personal, of which I may die seized and possessed, I do hereby bequeath the same to my beloved wife, Lucille E. Byars.

"VI. Having full faith and confidence in my beloved wife, Lucille E. Byars, and my brother, E. C. Byars, I do hereby appoint them Independent Executors of my estate without bond and ask that no action be taken in the County Court, except to probate this will and return an inventory and appraisement, as provided by law."

It was stipulated that "the deceased left surviving him his widow, Lucille E. Byars, and three brothers, T. B. Byars, H. F. Byars and E. C. Byars, defendants in this suit. Lucille E. Byars and E. C. Byars, named as executors in the will, were duly appointed and qualified, and are the acting executors of the will and estate of said deceased. At the time of the death of the deceased, there were two life insurance policies on the life of the deceased payable to the said Lucille E. Byars, one in the sum of $2,500.00 and the other in the sum of $3,000.00. After the death of the deceased the proceeds of these policies were collected and appropriated by the said Lucille E. Byars. In addition to the above named policies, there was also a policy of life insurance on the life of the deceased in the amount of $5,000.00 payable to the estate for a fixed and definite term, that is to say, said policy provided by its terms that it terminated and expired on the date named in the policy in the year 1946, and that if the deceased had lived beyond such named date, such policy would have been of no value and nothing would have been paid thereon by virtue of the death of the deceased subsequent to such fixed date. That no children were born of the marriage of George E. Byars, the decedent, and Lucille E. Byars, and the said George E. Byars left no children surviving him. That all of the premiums on said policies were paid out of the earnings of the said George E. Byars, which were community funds, which said earnings were and constituted community funds of the said George E. Byars and the said Lucille E. Byars."

The rule in Texas is: "In construing the will, all its provisions should be looked to, for the purpose of ascertaining what the real intention of the (testator) was; and, if this can be ascertained from the language of the instrument, then any particular paragraph of the will which, considered alone, would indicate a contrary intent, must yield to the intention manifested by the whole instrument." McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412, 413. See also Norton v. Smith, Tex.Civ. App., 227 S.W. 542; Darragh v. Barmore, Tex.Com.App., 242 S.W. 714; Arrington v. McDaniel, Tex.Com.App., 14 S.W.2d

1009; Colton v. Colton, 127 U.S. 300, 8 S. Ct. 1164, 32 L.Ed. 138. Applying the foregoing rule to this will, we think the real intention of the testator is manifest and that there is no ambiguity in the will. Item 3 devises the technical library to his nephew without any reference to whether it is community or separate property. Item 4 devises all of the testator's life insurance and states that some policies are payable to his wife and the balance are payable to his estate. At the time of his death the testator had two policies payable to his wife, one in the sum of $2,500, and the other in the sum of $3,000, and one policy in the amount of $5,000 payable to his estate, which policy, by its terms, expired in 1946, and if the testator had lived beyond such date such policy would have been of no value. It is true that the second paragraph in item 4 gives and bequeaths all of testator's insurance at the time of his death to his wife and directs her and his brother as executors to make collection of the same. The third paragraph in item 4 provides that after said insurance has been collected, if such collection exceeds the sum of $7,500, then in such event the testator requests the remaining balance over and above the $7,500 to be divided among his wife and any of his brothers living at said time share and share alike. The fourth paragraph of item 4 provides that in the event the insurance collected does not amount to the sum of $7,500 net, that in such event no such distribution as therein provided for is requested. Item 4 is not ambiguous and it is clear that the testator was devising the whole of his life insurance because the language used in item 4 specifically so states. Avery v. Johnson, 108 Tex. 294, 192 S.W. 542; Rogers v. Trevathan, 67 Tex. 406, 3 S.W. 569; 44 Tex.Jur. 754, § 187. It is entirely clear to us that the testator intended for his wife to have the amount of $7,500 net and that after such sum had been paid to her; that she should share the excess collected, if any, equally with his brothers then living. But appellee contends substantially that since paragraph 2 of item 4 gives and bequeaths all of the testator's insurance to his wife, and since item 5 of the will gives all property, both real and personal, to the wife, if the request contained in paragraph 3 of item 4 is mandatory, then it conflicts with paragraph 2 of item 4 and also item 5 of the will. We cannot agree with either contention because (1) the correct decision on this point depends upon the intention of the testator as expressed by the words used by him, and the court must "look upon the intention of the testator as a polar star to direct them in the construction of wills." Colton v. Colton, supra [127 U.S. 300, 8 S. Ct. 1168, 32 L.Ed. 138]. Looking at the whole context of item 4 and considering the family relationships, we think the testator meant to impose an obligation upon his wife to carry his request for distribution into effect. Colton v. Colton, supra; Busby v. Lynn, 37 Tex. 146; 44 Tex. Jur. 724, § 161; see also Temple v. Russell, 251 Mass. 231, 146 N.E. 679, 49 A. L.R. 1; Murphy v. Carlin, 113 Mo. 112, 20 S.W. 786, 35 Am.St.Rep. 699; In re Hamilton's Estate, 181 Cal. 758, 186 P. 587; Daly v. Daly, 142 Tenn. 242, 218 S.W. 213; Knox v. Knox, 59 Wis. 172, 18 N.W. 155, 48 Am.Rep. 487; Hadley v. Hadley, 100 Tenn. 446, 45 S.W. 342; Cahill v. Froch, 138 Wash. 415, 244 P. 698. And (2) if it is held that item 5 of the will throws any light on the language used in item 4, or if it should be held that item 5 of the will controls item 4, then it would follow that item 5 would also control item 3, and item 3 would become ineffective. Our view is that the testator did not intend by item 5 to invalidate item 3, nor did he intend to invalidate the distribution provided for in item 4; otherwise, it would have been useless for him to have provided for items 3 and 4 in his will. We think it is obvious that the testator by item 5 intended to and did bequeath to his wife the residue of all his property after the bequests in items 3 and 4 had been satisfied, and such construction is consistent with all of the provisions of the will. This view, we think, is in harmony with the general rule so ably expressed by the Supreme Court of the United States in Colton v. Colton, supra, and which rule, we think, is applicable and controlling here, and which, we believe, is the rule followed by the Texas courts.

It follows that the construction placed upon the will by the trial court must be reversed and rendered, and judgment is here rendered that appellants, by the terms of the will, are each bequeathed one-fourth of the excess of the insurance above $7,500. Such construction gives effect to the whole will. See Colton v. Colton, supra.

The judgment of the trial court is reversed and rendered.