**PINKSTON et al. v. PINKSTON et al.**

**No. 3200.**

Court of Civil Appeals of Texas.

Waco.

June 29, 1954.

Rehearing Denied July 22, 1954.

W. E. Pinkston, and W. H. Hall, Dallas, for appellants.

Dawson & Dawson and Norris Lovett, Corsicana, for appellees.

McDONALD, Chief Justice.

This is a suit filed by Will E. Pinkston as plaintiff against Mrs. Susa Dale Pinkston and Lucian Pinkston as defendants seeking to 1) construe a number of features in the will of L. A. Pinkston, deceased, and 2) to construe a judgment heretofore rendered by the District Court of Navarro County and affirmed by this court, in another controversy between these same parties. To the action concerning the will Susa Dale Pinkston filed pleas in abatement to the effect that the matters sought to be construed pertaining to the will had previously been decided in other cases, or were pending as issues in other cases. The parties thereafter stipulated in open court as to the matters relating to the judgment inquired about by plaintiff. The Trial Court abated the plaintiff's case concerning the construction of the will, and entered judgment on the construction of the prior judgment in keeping with the stipulation of the parties.

Plaintiff appeals contending that the Trial Court 1) erred in sustaining the Pleas in Abatement to that portion of plaintiff's suit seeking construction of various portions of the will of L. A. Pinkston, deceased, 2) erred in entering judgment in keeping with the stipulation of the parties as to the construction of prior judgment feature of plaintiff's suit.

With one exception the matters sought by plaintiff to be construed in the will of L. A. Pinkston, deceased, have heretofore been construed and adjudicated by this court in the following cases: Pinkston v. Pinkston, Tex.Civ.App., 254 S.W.2d 196, W/E Ref.N.R.E.; Pinkston v. Pinkston, Tex.Civ.App., 266 S.W.2d 515, W/E Ref. N.R.E. These cases dispose of all issues raised in plaintiff's pleadings relative to L. A. Pinkston's will execpt the constrution of paragraph one thereof, which reads:

"*It is my will and desire that, when I am dead, the oldest available of my*

*wife's sons Nat, Tom, Will & Lucian shall, without bond, execute the following wishes."*

Plaintiff contends that the above provision means that all four sons named, should as they become available successively serve without bond as independent executor with will annexed of the estate—should the trusts set up in the will require their successive services.

Following paragraph one supra the will provides for payments from securities to support a brother until his death;—and payments from securities to the wife of L. A. Pinkston for her lifetime while she lives single.

From the 2 reported cases cited supra a complete background of this case can be had. Suffice it to say there has been much controversy over the L. A. Pinkston estate between the plaintiff herein and the defendant Mrs. Susa Dale Pinkston, who is the widow of Nat Pinkston referred to in the will. The immediate controversy may be summarized as follows: Nat Pinkston, referred to in the will as oldest son, qualified as executor of his father's estate upon his death in 1926 and served some 20 years. Upon the death of Nat, Tom qualified as administrator with will annexed, made bond in the amount of $3,000 and served in such capacity until his death some two years later. At Tom's death in 1948 Will E. qualified as administrator with will annexed, made a $3,000 bond and took over management of the estate. Much trouble and litigation thereafter ensued. Prior to the institution of this suit Mrs. Susa Dale Pinkston, by motion in the County Court, sought to and did have Will E. Pinkston removed as administrator in the estate on several grounds, among which is that he was not under proper bond. Will E. Pinkston appealed to the District Court, and thereafter some agreement was reached between the parties which resulted in Susa Dale Pinkston dismissing without prejudice her action to remove Will E. Pinkston as administrator. Will E. Pinkston is nevertheless apprehensive lest a renewal of the attempt to remove him be made—and desires the clause of the will cited supra to be construed and 1st) it be determined whether he has to make a bond under the terms of the will—and 2nd) should he cease to be administrator of the estate for any reason, does Lucian, if available, have the right of succession—and if so does Lucian have to make a bond.

We believe that proper construction of the clause of the will cited supra is to the effect that Will E. Pinkston does not have to make *any bond* as administrator of the estate of L. A. Pinkston. Had Nat and Tom been dead or unavailable at the time of L. A. Pinkston's death it is without question that Will, if available, would have been appointed executor without bond. To require a bond of him simply because he takes over the administration of the estate 22 years later would be destructive of the intentions of the testator. The will provides for two trusts, viz.: payments of revenues from securities to a brother—and to L. A. Pinkston's widow as long as she lives single. It was to be contemplated by the testator L. A. Pinkston that the fulfillment of these two trusts *could* require many years—as was the case—Mrs. Pinkston living single for 22 years after the death of her husband. We believe that it was the will of the testator L. A. Pinkston to provide that his sons in the order named should serve as executor of his estate without bond, *but not independent of the Probate Court*—and we so construe the paragraphs of his will quoted supra.

The judgment of the Trial Court on the 2nd phase of plaintiff's case was simply an adjudication entered on the stipulation of the parties. No valid reason has been advanced as to why it should be set aside; and we decline to set it aside.

In keeping with the above, we believe that the judgment should be modified to construe the first paragraph of L. A. Pinkston's will as hereinabove set forth, but should be in all other respects affirmed. Accordingly the judgment of the Trial Court is affirmed as modified. All costs are taxed ¾ against Will E. Pinkston and ¼ against Susa Dale Pinkston.